■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN CARTER, Appellant. [790 NYS2d 459]—

Judgment, Supreme Court, New York County (William A. Wetzel, J., at hearing; Brenda G. Soloff, J., at plea and sentence), rendered March 3, 2003, convicting defendant of criminal possession of a controlled substance in the fourth degree, and sentencing him to a term of 3 to 6 years, unanimously affirmed.

The court properly denied defendant's suppression motion. Since defendant was in an area of the Port Authority Bus Terminal restricted to ticket holders, the officer had an objective, credible reason for asking defendant, whom he recognized as a person he had frequently seen in or around the terminal, whether he had a bus ticket or whether he was planning on boarding a bus (*see People v Hollman*, 79 NY2d 181, 191 [1992]). Signs on the fourth floor clearly indicated that the floor was restricted to ticketed passengers only. Although it was possible to arrive at the fourth floor by a route that bypassed these warning signs, the officer's credited testimony established that he had just seen defendant, or a person he reasonably believed to be defendant, go past such a warning sign while riding up an escalator. The record fails to support defendant's assertion that the hearing court made no factual finding in this regard. The fact that the court's decision set forth an alternative basis for denying suppression does not warrant a different conclusion. Once defendant admitted to the officer that he was not a bus passenger, and failed to produce a reliable form of identification, the officer had the requisite probable cause to arrest defendant for criminal trespass, resulting in the recovery of drugs. Concur—Tom, J.P., Andrias, Williams, Gonzalez and Catterson, JJ.