People v Pruden (2022 NY Slip Op 04133)

People v Pruden

2022 NY Slip Op 04133

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Scarpulla, Higgitt, JJ. 

Ind. No. 4633/17 Appeal No. 16216 Case No. 2018-02922 

[*1]The People of the State of New York, Respondent,
v
Robert Pruden, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth G. Caldwell of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Catherine Marotta of counsel), for respondent.

Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered June 7, 2018, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of two years, unanimously affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). A combination of factors provided the police with, at least, a founded suspicion of criminality that justified a common-law inquiry.
In the Port Authority Bus Terminal, officers saw defendant and another man engaging in a transaction involving money, after which the officers heard defendant talking on his phone, saying he had just sold some "sneakers." Based on his experience, an officer recognized this as code for narcotics, which was corroborated by the fact that neither defendant nor the other man was holding sneakers or any packages. In addition, defendant was in a part of the Terminal that, according to posted signs, at least appeared to be restricted to ticket holders (see People v Carter, 16 AD3d 188, 189 [1st Dept 2005], lv denied 4 NY3d 852 [2005]), and defendant responded to the officers' lawful request for information by admitting that he was not a bus passenger.
These circumstances amply supported a founded suspicion of criminality permitting a level two inquiry. Accordingly, the officer properly asked defendant whether he had anything that he should not have, which led to defendant's admission that he had narcotics, which in turn led to a lawful search incident to arrest.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022